# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHN MAGRUDER SULLIVAN**                                            **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:20-cv-740-CWR-LRA**

**ANTHONY MORGAN**
**and WESTERN EXPRESS, INC**                                        **DEFENDANTS**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Western Express, Inc. ("Defendant" or "Western Express"), through counsel, has removed Civil Action No. 20-cv-78 filed in the Circuit Court of Simpson County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. CIVIL ACTION REMOVED

1.

Plaintiff, John Magruder Sullivan ("Plaintiff"), filed a Complaint in state court alleging negligence against Defendants as a result of an automobile accident that occurred on January 3, 2020, in Magee, Simpson County, Mississippi. This state-court action is styled, *John Magruder Sullivan vs. Anthony Morgan and Western Express, Inc.,* and is filed in the Circuit Court of Simpson County, Mississippi, bearing Civil Action No. 20-cv-78. A true and correct copy of the certified record of state-court proceedings has been requested and will be timely filed as a separate item as soon as it is received. Copies of the pleadings filed in that action as of this date are attached hereto collectively as **Exhibit A**.

1

## II. TIMELINESS OF REMOVAL

2.

Western Express, signed an Acknowledgment of Receipt of the Summons and Complaint on October 26, 2020 and filed an Answer on October 29, 2020. *See Def.'s Answer and Defenses,* **Exhibit A.** Defendant, Anthony Morgan, has not yet been served with process. Since Mr. Morgan has not been served, his joinder in and consent to this Notice of Removal are not required. *See* 28 U.S.C. § 1446(b)(2)(A); *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Pittman v. Joe K. Pittman Co., LLC*, No. 2:15-CV-114-KS-MTP, 2015 U.S. Dist. LEXIS 148135, at *10-11 (S.D. Miss. Nov. 2, 2015). As the amount in controversy for federal subject-matter jurisdiction was not facially apparent from Plaintiff's Complaint, Western Express propounded Requests for Admission to Plaintiff regarding the amount in controversy when it filed its Answer. On November 6, 2020, Plaintiff served his Responses to Western Express's Requests for Admission. A copy of Plaintiff's Responses are attached hereto as **Exhibit B**.

3.

In his Responses, Plaintiff denies that the value of his claim against Western Express does not exceed $75,000. Plaintiff also denies that he will not seek damages in excess of $75,000 from Western Express. Moreover, he denies that the amount of damages he claims against Western Express is no more than $75,000. Further, Plaintiff denies that the amount in controversy of his claim against Western Express does not exceed $75,000. *See Id*.

4.

The statute governing the procedure for removing civil actions provides as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). Moreover, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000], information relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." § 1446(c)(3)(A). Courts have consistently held a defendant's removal to be timely if it occurs within thirty (30) days after receiving a plaintiff's responses to requests for admission whereby the defendant first discovers that the amount in controversy exceeds $75,000. *See Church v. Western Express Ins. Co.*, No. 3:10-CV-00636-CWR-LRA, 2011 U.S. Dist. LEXIS 58956, at *10-11 (S.D. Miss. May 26, 2011) (holding that defendant's removal was timely when made within thirty days after plaintiff responded to requests for admission and denied that amount in controversy was less than $75,000); *Johnson v. Value Place Franchises Servs., LLC*, No. 3:09-cv-121 HTW-LRA, 2010 U.S. Dist. LEXIS 44161, at *5-7 (S.D. Miss. Apr. 20, 2010) (holding that defendants' removal was timely when notice of removal was served within thirty days of plaintiff serving her responses to requests for admission and admitting that she was seeking damages exceeding $75,000); *Reed v. Flores*, No. 1:09CV84-SA-JAD, 2009 U.S. Dist. LEXIS 105175, at *6 (N.D. Miss. Nov. 10, 2009) (holding that notice of removal was timely because defendants could first ascertain that plaintiff sought over $75,000 in damages when they received plaintiff's response to their request for admission).

5.

Western Express could first ascertain that Plaintiff sought over $75,000 from it when Plaintiff served his Responses to Western Express's Requests for Admission on November 6, 2020. *See* Ex. B. Pursuant to the authorities mentioned above, Western Express's removal is timely because it has been made within thirty (30) days of receiving Plaintiff's Responses in which

Plaintiff unequivocally denies that the amount in controversy of his claim against Western Express does not exceed $75,000.

### III. AMOUNT IN CONTROVERSY

6.

As stated above, Plaintiff has unequivocally denied in his Responses to Western Express's Requests for Admission that the value of his claim against Western Express does not exceed $75,000. *See* Ex. B. This conclusively establishes the amount in controversy required for federal subject-matter jurisdiction. *See McLain v. Am. Int'l Recovery*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (plaintiff's discovery response denying that his damages do not exceed $75,000 "will constitute 'other paper' that affirmatively shows that the jurisdictional amount may be satisfied").

### IV. COMPLETE DIVERSITY OF PARTIES

7.

According to his Complaint, Plaintiff is an adult resident citizen of Madison County, Mississippi. *Compl.* (Ex. A) ¶ 1. Western Express, is a foreign corporation with its principal place of business located in Nashville, Tennessee. Therefore, in accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

### V. VENUE

8.

Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Simpson County, Mississippi.

## VI. NOTICE TO STATE COURT

9.

Western Express will immediately file a true and correct copy of this Notice of Removal with the Circuit Court of Simpson County, Mississippi, and effect removal to this Court. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

## VII. NOTICE TO PLAINTIFF

10.

Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

## VIII. CONCLUSION

11.

For the previous reasons, Western Express requests that this Court receive and place on its docket this Notice of Removal and that the Circuit Court of Simpson County, Mississippi, not proceed any further in this action unless and until it is remanded.

Dated: November 17th, 2020.

Respectfully submitted,

**Western Express, Inc, Defendant**

By: _James R. Moore, Jr._
James R. Moore, Jr. (MSB #3445)
Kyle R. Ketchings (MSB #105212)
*Attorneys for Defendant*

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
1076 Highland Colony Parkway
600 Concourse, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: 601-856-7200
Fax: 601-856-7626
jmoore@cctb.com
kketchings@cctb.com

## **CERTIFICATE OF SERVICE**

I, James R. Moore, Jr./Kyle R. Ketchings, certify that a true and correct copy of the previous document was served via electronic mail to the following:

Michael V. Cory, Jr., Esq.
Dale Danks, Jr. Esq.
Christian Medina, Esq.
Danks, Miller & Cory
Post Office Box 1759
Jackson, Mississippi 39215-1759
mc@dmclaw.net
cmedina@dmclaw.net
*Attorneys for Plaintiff*

Dated: November 17th, 2020.

    *James R. Moore, Jr.*
James R. Moore, Jr.
Kyle R. Ketchings